I respectfully dissent from the majority in its analysis of the admission of the drug report. The report of the drug analysis lacked a notarized statement by the signer of the report. R.C. 2925.51(A) states in pertinent part:
 Attached to that report shall be a copy of a notarized statement by the signer of the report giving the name of the signer and stating that the signer is an employee of the laboratory issuing the report and that performing the analysis is a part of the signer's regular duties, and giving an outline of the signer's education, training, and experience for performing an analysis of materials included under this section. The signer shall attest that scientifically accepted tests were performed with due caution, and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory.
R.C. 2925.51(A) "requires that such notarized statement be attached to a laboratory report before such report is admissible * * *." State V.Rodriguez (1990), 66 Ohio App.3d 5, 17. (Emphasis in original.) Moreover, this court has previously stated, "[t]here should also be evidence that the tester was properly qualified to test * * *. There should also be testimony concerning the procedure * * *." State v. Jones
(May 9, 1991), Cuyahoga App. No. 58423, unreported, 1991 Ohio App. LEXIS 2098, at *15. See also State v. Lacey (1988), 46 Ohio App.3d 61; Statev. Wade (June 11, 1987), Cuyahoga App. No. 52374, unreported, 1987 Ohio App. LEXIS 7467 (rejecting evidence in which the "testifying technician had neither performed nor observed the tests * * *.")
In the case at bar, the report lacked a notarized signature and failed to indicate the tester's qualifications and procedure. As a result of these deficiencies, it was clearly an error to admit the report into evidence. Because counsel failed to object to the admission of the report[1], we must analyze the error under the plain error doctrine, an analysis the majority makes. In this analysis the standard is whether the "outcome of the trial would clearly have been otherwise without the error." State v. Lane (1995), 108 Ohio App.3d 447, 482, citing State v.Long (1978), 53 Ohio St.2d 91.
Proceeding under the plain error analysis, the majority mistakenly concludes that the outcome would not have been different but for thenotarized signature. The majority has failed to articulate the correct alternative. The issue is whether the outcome would have been differentbut for the report being admitted. Without the notarized signature authenticating the report, the report would not have been admitted at all; without the report, a key — element evidence that the substance in question was cocaine — would have been missing in defendant's trial.
The majority totally misunderstands, moreover, what is at issue here when it digresses on the trustworthiness of such drug analysis. This last year, newspapers have reported instances across the nation of technicians falsifying chemical lab reports. How trustworthy is a report if the person who prepared it has neither sworn to its accuracy nor testified under oath at a trial? A major test of reliability is that oath. That is why it is required of live witnesses. No less can be expected of a piece of paper.
[1] While acknowledging that a failure to object is not the same as stipulating, the majority then proceeds to say the net effect is the same. On the contrary, a stipulation does not trigger a plain error analysis.