KNITTLE, APPELLANT, *v.*
BIG TURTLE II CONDOMINIUM UNIT
OWNERS ASSOCIATION, INC. ET AL.,
APPELLEES.

(No. 12-054—Decided
February 29, 1988.)

*Snyder, Neff & Chamberlin* and
*Owen C. Neff; Brown & Associates* and
*Seymour R. Brown,* for appellant.

*John W. West,* for appellee Big
Turtle II Condominium Unit Owners
Assn., Inc.

*Baker, Hackenberg, Haskell & Collins Co., L.P.A.,* and *I. James Hackenberg,* for appellees D.C. Winslow
Construction Co. and Forest City
Enterprises.

*Donald P. McFadden,* for appellee
Raymond J. Montello.

*B. Lawrence Allen,* for appellee
city of Willoughby.

*Neil J. Conway,* for appellee
Northeast Regional Realty.

*McNeal, Schick, Archibald & Biro
Co., L.P.A.,* and *Frederic E. Kramer,*
for appellee C.W. Courtney Co.

CHRISTLEY, J. On January 8,
1985, plaintiff-appellant, Jeffrey C.
Knittle, filed a complaint in the Court
of Common Pleas of Lake County
against defendants-appellees (for purposes of this action) Big Turtle II Condominium Unit Owners Association,
Inc., D.C. Winslow Construction Co.,
Forest City Enterprises, Raymond J.
Montello, city of Willoughby, Northeast Regional Realty, and C.W. Courtney Co., in which he claimed that the
condominium he purchased was negligently constructed and fraudulently
represented.

On April 25, 1986, appellant filed a
motion to certify the case as a class action, pursuant to R.C. 5311.23 and Civ.
R. 23. The trial court denied the motion, finding as follows:

"Upon consideration thereof, and
after careful examination of the pleadings and exhibits of record herein, the
court finds that plaintiff has failed to
meet the burden imposed upon him by
Civil Rule 23(A) and (B), and thus [has]
failed to establish that the within action is maintainable as a class action.
The court further finds that R.C.
5311.23 has no application in the case
at bar.

"Accordingly, the court finds that
plaintiff's instant motion is not welltaken and is hereby denied."

It is from this decision that appellant filed his timely notice of appeal
with the following assignment of error:

"The court erred as a matter of
law in denying the motion to certify as
a class action and in ordering the filing
of an amended complaint."

Appellant contends that he has a
statutory right to maintain a class action suit pursuant to R.C. 5311.23
without regard to Civ. R. 23(A) and
(B). That statute states in pertinent
part:

"A declarant, developer, agent, unit owner, or any person entitled to occupy a unit of a condominium property is liable in a civil action for damages caused to any person by his *failure to comply with any lawful provision of the condominium instruments*. Any interested person may commence an action for a declaratory judgment to determine his legal relations under the condominium instruments or to obtain an injunction against a declarant, developer, agent, unit owner, or person entitled to occupy a unit who refuses to comply, or threatens to refuse to comply, with a provision of the instruments. One or more unit owners may bring a class action on behalf of all unit owners. The lawful provisions of the condominium instruments may, if necessary to carry out their purposes, be enforced against the condominium property or any person who owns or has previously owned any interest in the condominium property." (Emphasis added.)

Under appellant's interpretation, any condominium owner has the statutory right to bring a class action and, by virtue of the statute, he cannot be denied that right. This argument is not well-taken for several reasons.

Appellant essentially contends that R.C. 5311.23 grants him the right to bring a class action irrespective of the provisions outlined in Civ. R. 23. We disagree. Appellant seems to be arguing that Civ. R. 23 and the statute are independent of each other. This court, to the contrary, finds that they are complementary and, in fact, must be read together. Appellant cites no authority for his arguments contra. R.C. 5311.23 does not provide for a "special statutory proceeding" (Civ. R. 1[C][7]) which would overrule the procedural guidance provided by Civ. R. 23.

The statute merely designates the rights of condominium owners to take action against "any person * * * [for] failure to comply with any lawful provision of the condominium instruments." In this case, appellant's claims sound in negligence and fraudulent misrepresentation. Appellant did not allege in his complaint a failure on the part of any party to comply with any provisions of the condominium instruments.

However, he now argues that Section 8(C) of the declaration of condominium ownership is the provision which was violated. A close reading of that paragraph merely indicates that there is no waiver of right of any claim against the developer for any construction defects which the condominium association or owner undertakes to repair. Further, the paragraph requires a sixty-day written notice of any allegation of latent or patent defects in the material or workmanship prior to filing suit. It is not a provision which sets forth any type of warranty or duty on the part of appellees.

The lower court's conclusion that the aforementioned statute does not apply to appellant's case is, therefore, a correct conclusion; thus, appellant's argument fails.

However, even if R.C. 5311.23 were found to be applicable to the instant case, it still does not guarantee appellant the right to a class action. It should first be noted that the statute states that one *may* bring a class action on behalf of all unit owners. It does not state that any owner who requests a class action *must* be granted such a request.

The statute is only applicable if the requirements set out in Civ. R. 23(A) and (B) are met. Therefore, the issue now becomes whether the trial court abused its discretion in denying class-action certification under Civ. R. 23(A) and (B).

It is important to note at this point that appellant's motion for certification did not ask for certification under

Civ. R. 23. The only motion made was pursuant to R.C. 5311.23. Appellant cannot advance a new theory at the appellate level which was not before the trial court. *Republic Steel Corp.* v. *Bd. of Revision of Cuyahoga Cty.* (1963), 175 Ohio St. 179, 23 O.O. 2d 462, 192 N.E. 2d 47, syllabus. For that reason alone, this court would be required to affirm the decision of the trial court.

Nevertheless, appellant's motion for certification was considered under Civ. R. 23, and was correctly denied by the trial court. Civ. R. 23(A), titled "prerequisites to a class action," reads as follows:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Furthermore, pursuant to Civ. R. 23(B), a class action may be maintained if the prerequisites of subdivision (A) are satisfied and also if:

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

"(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

The trial court determined that appellant did not demonstrate the right to a class action pursuant to Civ. R. 23(A) and (B). It has been held that a trial court has broad discretion in determining whether or not to certify a class action; the determination of the trial court will not be disturbed absent a showing of abuse of discretion. *Vinci* v. *American Can Co.* (1984), 9 Ohio St. 3d 98, 9 OBR 326, 459 N.E. 2d 507, paragraph one of the syllabus; *Schmidt* v. *Avco Corp.* (1984), 15 Ohio St. 3d 310, 15 OBR 439, 473 N.E. 2d 822; *Marks* v. *C.P. Chemical Co.* (1987), 31 Ohio St. 3d 200, 31 OBR 398, 509 N.E. 2d 1249, syllabus.

Furthermore, where there is "ample support in the record to support the lower court['s] determina[tion] that questions of law or fact common to the members of the class do not predominate over any questions affecting only individual members or that a class ac-

tion is not superior to other available methods for resolving the controversy fairly and efficiently as is required by Civ. R. 23(B)(3)," the court does not abuse its discretion in refusing to certify the action as a class action. *Schmidt, supra,* at 313, 15 OBR at 441-442, 473 N.E. 2d at 824-825.

Appellant claims he is entitled to a class action suit for two reasons: (1) it is his automatic right pursuant to his interpretation of R.C. 5311.23; and (2) it was revealed during discovery that "some twenty-six condominium owners similarly situated had experienced damage to their condominiums."

The first contention has already been addressed above. As to the second, it should be noted that there is no evidence that any of these other "similarly situated" condominium owners instituted actions against appellees or have considered pursuing such actions. Therefore, appellant has failed to demonstrate the existence of the goals of fairness, economy, and efficiency imperative to the determination of a need for a class action.

Further, insufficiencies existed under all four requirements of Civ. R. 23(A):

(1) There was no allegation as to the impracticality of joinder of parties;

(2) There was no allegation of fraud or negligence in the sales to all the owners; therefore, there was no commonality of issues;

(3) It was not demonstrated that there would be fair and adequate representation through a class action; in fact there was an untimely filing of this class action certification; and,

(4) There was no specific designation of the class unit. Will the class include present owners, past owners, past and present owners, etc.?

Finally, a class action would not do away with the necessity of a determination of individual damages which would go towards demonstrating the economy of a class action as opposed to individual actions.

In conclusion, the trial court did not abuse its discretion in determining that appellant failed to meet his burden of demonstrating the need for certifying the class action; and, the trial court could, in accordance with this finding, require the pleadings to be amended to eliminate the allegations pertaining to representation of a class of absent persons, pursuant to Civ. R. 23(D)(4).

The decision of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and COOK, J., concur.