[Cite as *Parrish v. Jones*, 2012-Ohio-1145.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| SANDY PARRISH, ADMINISTRATOR, ET AL., | : | Case No. 11CA3238 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL E. JONES, ET AL., | : | |
| | : | **RELEASED 2/15/12** |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

Kenneth S. Blumenthal and Jonathan R. Stoudt, Rourke & Blumenthal, LLP, Columbus, Ohio, for appellant.

Gregory Foliano and Kevin Popham, Arnold Todaro & Welch Co., LPA, Columbus, Ohio, for appellees Christopher J. Skocik, D.O., and Family Medicine of Chillicothe, Inc.

Frederick A. Sewards, Hammond Sewards & Williams, Columbus, Ohio, for appellee Michael E. Jones.

_____

Harsha, J.

{¶1}    Sandy Parrish filed this case alleging medical negligence and the wrongful death of his late wife.  His appeal initially contests the trial court's directed verdict in favor of Christopher Skocik, D.O. and Family Medicine of Chillicothe (Family Medicine) following opening statements.  Mr. Parrish asserts that he was not required to specifically set forth all the elements of his case against Dr. Skocik in his opening statement, and it was therefore sufficient to survive a motion for a directed verdict.  Mr. Parrish also argues that the trial court erred by not allowing him the opportunity to amend, supplement or explain his opening statement and by failing to consider the allegations in his complaint before ruling on the motion for directed verdict.  Because

the trial court failed to consider the complaint, which sets forth sufficient facts to establish a cause of action for medical negligence, we find that the trial court erred in granting Dr. Skocik's and Family Medicine's motion for directed verdict.

{¶2}    Mr. Parrish also appeals the trial court's denial of his motion for a new trial.  He claims the directed verdict in favor of Dr. Skocik and Family Medicine prevented him from receiving a fair trial on his remaining claim against Michael Jones, D.O. because Dr. Jones was able to assert Dr. Skocik's negligence as a defense.  Specifically, he contends that the absence of Dr. Skocik's expert witnesses, who were expected to offer criticisms of Dr. Jones medical treatment, forced Mr. Parrish to defend Dr. Skocik's actions alone.  However, it was Mr. Parrish's burden to prove his medical negligence claims against Dr. Jones.  This burden included introducing whatever evidence was necessary, including expert testimony, to establish negligence.  Even though the trial court erroneously granted the motion for directed verdict, that mistake neither absolved nor increased that burden.  Therefore the court did not err in denying Mr. Parrish's motion for a new trial.

## I. FACTS

{¶3}    Acting individually and as the administrator of his wife's estate, Mr. Parrish filed a series of complaints asserting that Dr. Skocik, Family Medicine, Dr. Jones, and several other medical providers are liable for the wrongful death of Mrs. Parrish and medical negligence in her treatment.  Mrs. Parrish was admitted to Adena Regional Medical Center for acute peripheral nerve disorder.  Her physician, Dr. Jones, diagnosed her with Guillain-Barre Syndrome and after consulting with a specialist, placed her on the medication Lovenox to prevent blood clots from forming in her legs.

Subsequently, Dr. Jones discharged Mrs. Parrish to Chillicothe Nursing and Rehabilitation Center where she continued to receive care; however, she did not continue to receive Lovenox. While at the facility, Dr. Skocik was assigned to provide medical care to Mrs. Parrish. Unfortunately, four days after her arrival at the rehabilitation center, Mrs. Parrish passed away from a pulmonary embolism.

{¶4} Mr. Parrish alleges in his complaint that various medical professionals negligently provided medical care and treatment to his wife by failing "to exercise the degree of skill, care and diligence an ordinarily prudent physician and/or health care provider would have exercised under like or similar circumstances." He explicitly contends that the defendants failed to properly treat, to prescribe anti-coagulation therapy, to adequately monitor, to timely respond with medical intervention, and to properly diagnose Mrs. Parrish's injury and condition. And as a result of this negligence, Mr. Parrish alleges Mrs. Parrish suffered a premature death.

{¶5} The case proceeded to a jury trial and at the conclusion of Mr. Parrish's opening statement, Dr. Skocik and Family Medicine moved for a directed verdict on the ground that Mr. Parrish failed to state a cause of action against them. The trial court heard brief arguments on the motion and subsequently granted the directed verdict. Consequently, Mr. Parrish tried his case against Dr. Jones only and the jury returned a verdict in favor of Dr. Jones. Following the verdict, Mr. Parrish moved for a new trial, which the trial court denied. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶6} Mr. Parrish presents two assignments of error for our review:

**{¶7}**     I. "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS['] CHRISTOPER SKOCIK, D.O AND FAMILY MEDICINE OF CHILLICOTHE, INC.'S MOTION FOR DIRECTED VERDICT MADE AFTER PLANITIFF-APPELLANT'S OPENING STATEMENT."

**{¶8}**     II. "THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELANT'S MOTION FOR NEW TRIAL."

### III. DIRECTED VERDICT

**{¶9}**     Mr. Parrish claims that the trial court erred in granting a directed verdict in favor of Dr. Skocik and Family Medicine for three reasons.  First he argues that his opening statement was sufficient to survive a directed verdict because he was not required to specifically set forth all the elements of his case.  Furthermore, even if he was required to do that, he asserts that the trial court did not give him an opportunity to amend, supplement or explain his opening statement prior to granting the motion for directed verdict.  Finally, he maintains that the trial court erred by failing to consider the complaint, along with his opening statement, before making its ruling.

#### A.  Legal Standard for Medical Negligence

**{¶10}**  To establish a cause of action for medical negligence, a plaintiff must demonstrate three elements: (1) the existence of a standard of care within the medical community; (2) breach of that standard of care by the defendant; and (3) proximate cause between the defendant's breach and the plaintiff's injury.  *Bruni v. Tatsumi,* 46 Ohio St.2d 127, 131, 346 N.E.2d 673 (1976); *Rhoads v. Brown,* 4th Dist. No. 09CA18, 2010-Ohio-3898, ¶ 32.  Expert testimony is generally required to prove these elements

when they are beyond the common knowledge and understanding of the jury. *Rhoads*, at ¶ 32.

### B. Standard for Directed Verdict

**{¶11}** We first consider whether the trial court was required to consider the allegations in Mr. Parrish's complaint, along with his opening statement, when ruling on the motion.  A motion for directed verdict presents a question of law, rather than factual issues.  *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4.  As a question of law, we apply a de novo standard of review on appeal. *See id*.

**{¶12}** Under Civ.R. 50(A)(1) a party may move for a directed verdict on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence. When a party moves for a directed verdict on the opening statement, the trial court "should exercise great caution in sustaining [the] motion." *Brinkmoeller v. Wilson,* 41 Ohio St.2d 223, 325 N.E.2d 233 (1975), syllabus.  To grant such a motion, "it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made." *Id.*  Moreover, we have previously held that both the opening statement and the complaint must be considered in determining whether a directed verdict is appropriate. *See Taylor v. U.S. Health Corp.,* 4th Dist. No. 96-CA-2457, 1997 WL 346160, *5 and *Wright v. Suzuki Motor Corp.*, 4th Dist. Nos. 03CA3 & 03CA4, 2005-Ohio-3494, ¶ 99; *see also Archer v. Port Clinton*, 6 Ohio St.2d 74, 76, 215 N.E.2d 707(1966). If the

opening statement along with the allegations in the complaint amount to a justiciable claim for relief when construed liberally, the court must deny that motion. *Wright*, supra.

{¶13} In this case, the trial court did not consider the allegations in the complaint when it granted Dr. Skocik's and Family Medicine's motion for directed verdict. The record shows the trial court heard brief arguments from counsel for Mr. Parrish and Dr. Skocik on the motion. During this exchange, the court clarified that Dr. Skocik was basing his motion on Mr. Parrish's opening statement alone, to which he affirmatively responded. Subsequently, the trial court reviewed the transcript from Mr. Parrish's opening statement and granted the motion for directed verdict. In its judgment entry addressing Mr. Parrish's motion for a new trial, the trial court cites *Blankenship v. Kennard*, 10th Dist. No. 92AP-415, 1993 WL 318825, which states no other allegations are to be incorporated into an opening statement; the entry also confirmed that the court granted the motion for directed verdict based solely on Mr. Parrish's opening statement. However, this district does not follow *Blankenship* and the failure to apply the rule in *Archer*, *Taylor* and *Wright* resulted in the court improperly granting the motion because it used the wrong legal standard to decide the motion.

{¶14} Accordingly, we find that the trial court erred by granting Dr. Skocik and Family Medicine's motion for directed verdict and sustain Mr. Parrish's first assignment of error. As this argument proves dispositive of Mr. Parrish's first assignment of error, we decline to address his remaining arguments. We also decline to review the merits of the motion in light of the allegations contained in the complaint. The law requires the trial court to consider all the necessary factors before rendering its decision. Even though we apply a de novo standard of review to that judgment, the Supreme Court of

Ohio has explicitly directed us to act as a reviewing court, not one that makes the determination. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992). *See also Commercial Sav. Bank v. City of Jackson*, 4th Dist. No. 97CA798, 1997 WL 626410, *7.

## IV. MOTION FOR A NEW TRIAL

{¶15} In his second assignment of error, Mr. Parrish claims that he was prevented from receiving a fair trial on his claim against Dr. Jones following the directed verdict in favor of Dr. Skocik and Family Medicine and therefore the trial court erred by denying his motion for a new trial. Specifically, he asserts that Dr. Jones was able to argue Dr. Skocik's negligence as a defense to his own liability without any response from Dr. Skocik's experts, who were expected to testify in support of Dr. Skocik's acts and offer criticisms of Dr. Jones. Consequently, Mr. Parrish claims that the act of defending Dr. Skocik wrongly fell to him, which resulted in an unfair trial. We disagree.

## A. Standard of Review

{¶16} Mr. Parrish bases his argument on subsections (1), (7) and (9) of Civ.R. 59(A), which provide: "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial * * * (7) The judgment is contrary to law * * * (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."

**{¶17}**  Depending on the basis of the motion for a new trial, we review the trial court's decision under either a de novo or an abuse of discretion standard of review. *Rohde v. Farmer*, 23 Ohio St.2d 82, 262 N.E.2d 685 (1970), paragraphs one and two of syllabus.  "Where a trial court is authorized to grant a new trial for a reason which requires the exercise of sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court." *Id.* at paragraph one of syllabus.  However, "[w]here a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law." Id. at paragraph two of syllabus.  Accordingly, appellate courts must review a motion for a new trial made on the basis that there was an error of law at trial under the de novo standard.  *See Sully v. Joyce*, 10th Dist. Nos. 10AP-1148 & 10AP-1151, 2011-Ohio-3825, ¶ 8.

**{¶18}**  Mr. Parrish argues that he did not receive a fair trial because the trial court erroneously granted Dr. Skocik and Family Medicine's motion for directed verdict. The decision to grant or deny a motion for directed verdict involves a question of law. Therefore we review his motion for a new trial under a de novo standard of review.

B. Fairness of the Trial

**{¶19}**  Although we agree that the trial court erroneously granted Dr. Skocik and Family Medicine's motion for directed verdict, we do not agree that that this error caused Mr. Parrish to receive an unfair trial.  "In a civil case, the plaintiff normally has the burden of producing evidence to support his case, and the defendant has the burden of producing evidence of any affirmative defenses."  *State v. Robinson*, 47 Ohio

St.2d 103, 107, 351 N.E.2d 88 (1976).   Accordingly, it was Mr. Parrish's burden to establish each element of his medical negligence claim.  Dr. Jones was free to defend this claim by asserting Dr. Skocik's negligence.  Mr. Parrish admits that he had notice that Dr. Jones "intended to push blame" onto Dr. Skocik.  Although he claims that he did not receive a fair trial because Dr. Skocik was not there to defend his own actions, it was Mr. Parrish's burden to prove his case against Dr. Jones by providing his own expert testimony.  The fact that Mr. Parrish intended to rely on Dr. Skocik's expert witnesses to counter Dr. Jones defense does not absolve him of the ultimate burden to prove his case and counter any defenses presented by Dr. Jones.  In essence Mr. Parrish claims it was unfair to allow Dr. Jones to try "the empty chair" at the last minute. However, if Dr. Skocik had settled with Mr. Parrish right before trial, the burden to prove that Dr. Jones' negligent conduct caused Mrs. Parrish's death would have remained with Mr. Parrish.  Because he was the plaintiff, this burden was his throughout whatever course the proceedings took.  There was nothing "unfair" about the trial against Dr. Jones in spite of the erroneous directed verdict in favor of Dr. Skocik and Family Medicine.  Therefore, we overrule his second assignment of error.

## V.  CONCLUSION

{¶20}  In conclusion, we sustain Mr. Parrish's first assignment of error and reverse the directed verdict in favor Dr. Skocik and Family Medicine. Upon remand the trial court is to revisit its decision in light of the allegations contained in the amended complaint. We overrule Mr. Parrish's second assignment of error and affirm the trial court's judgment concerning his motion for a new trial.

JUDGMENT AFFIRMED IN PART, REVERSED
IN PART, AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellants and Appellees shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
       William H. Harsha, Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**