PARRISH, ADMR., APPELLEE, *v.* JONES ET AL.; SKOCIK ET AL., APPELLANTS.

[Cite as *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224.]

*Directed verdict—Civ.R. 50—Trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel—Although a trial court is not required to consider allegations contained in the pleadings when ruling on a motion for directed verdict made on the opening statement of an opponent, the pleadings may be used by the court in liberally construing the opening statement in favor of the party against whom the motion is made—A trial court may grant a motion for directed verdict made at the close of a party's opening statement only when that statement indicates that the party will be unable to sustain its cause of action or defense at trial.*

(No. 2012-0623—Submitted March 12, 2013—Decided December 4, 2013.)

CERTIFIED by the Court of Appeals for Ross County, No. 11CA3238, 2012-Ohio-1145.

_____

SYLLABUS OF THE COURT

1. "A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel." *Brinkmoeller v. Wilson*, 41 Ohio St.2d 223, 325 N.E.2d 233 (1975), syllabus.

2. Although a trial court is not required to consider allegations contained in the pleadings when ruling on a motion for directed verdict made on the opening statement of an opponent, the pleadings may be used by the court in liberally construing the opening statement in favor of the party against whom the motion is made.

3. A trial court may grant a motion for directed verdict made at the close of a party's opening statement only when that statement indicates that the party will be unable to sustain its cause of action or defense at trial.

_____

**LANZINGER, J.**

{¶ 1} We accepted this certified conflict to determine whether a trial court must consider the allegations set forth in the pleadings in addition to the opening statement when ruling on a motion for directed verdict made at the close of an opponent's opening statement. We hold that although a trial court is not required to consider allegations contained in the pleadings when ruling on a motion for directed verdict made on the opening statement of an opponent, the pleadings may be used by the court in liberally construing the opening statement in favor of the party against whom the motion is made. We affirm the judgment of the court of appeals that reversed the granting of a directed verdict, albeit on different grounds.

## I. Facts

{¶ 2} In 2005, appellee, Sandy Parrish ("Parrish"), the administrator of the estate of Karen Parrish, filed wrongful-death and survival actions in the Ross County Court of Common Pleas arising from the allegedly negligent care and death of Karen Parrish. Parrish alleged that on December 30, 2004, Karen was admitted to the Adena Regional Medical Center under the care of Michael Jones, D.O. Parrish further alleged that Dr. Jones had diagnosed Karen with an acute peripheral-nerve disorder. Karen was then transferred to a rehabilitation center, and during her stay there, appellant Christopher J. Skocik, D.O., was assigned to provide her medical care.

{¶ 3} In the complaint, Parrish alleged that the medical staff treating Karen had administered treatment negligently and, specifically, that they had failed to prescribe anticoagulation therapy; that they had failed to properly treat,

diagnose, and monitor her; and that they had failed to timely respond with medical intervention. Parrish alleged that as a direct and proximate result of the negligence, Karen had suffered a premature death after experiencing cardiopulmonary arrest and hypoxia due to pulmonary emboli with saddle embolus and deep-vein thrombosis.

{¶ 4} Parrish's complaint originally named as defendants Dr. Jones, Adena Regional Medical Center Corporation, Chillicothe Nursing and Rehabilitation Center, L.L.C., and several John or Jane Does.[1] In July 2006, the trial court granted Parrish leave to add appellants, Skocik and Family Medicine of Chillicothe, Inc. ("the Skocik defendants"), as new party defendants.

{¶ 5} The case proceeded to a jury trial in January 2011. At the close of Parrish's opening statement, the Skocik defendants moved for directed verdict pursuant to Civ.R. 50, contending that Parrish had failed to meet the burden of establishing a case of medical malpractice against them because he had failed to set forth in his opening statement a standard of care, deviation from that standard, and causation.

{¶ 6} Parrish's counsel had argued that the codefendant, Dr. Jones, would present expert testimony critical of Dr. Skocik: "Doctor Jones, through his attorneys, have hired a medical expert, Doctor Writ[e]sel who I had mentioned, who will tell you that it was Doctor Skocik's fault. That it was Doctor Skocik's fault for not ordering the proper D.V.T. prophylaxis in time. I'll let Doctor Skocik's attorneys argue for Doctor Skocik about that."

{¶ 7} The trial court granted the motion for directed verdict and rendered judgment in favor of the Skocik defendants. The trial proceeded with Jones as the sole defendant, and the jury returned a verdict in favor of Jones.

---

1. The trial court granted summary judgment in favor of Chillicothe Nursing and Rehabilitation Center, L.L.C., in October 2009. Parrish voluntarily dismissed Adena Regional Medical Center Corporation as a defendant in October 2010.

**{¶ 8}** Parrish appealed and argued in part that the trial court had erred by failing to consider the complaint, along with the opening statement, in ruling on the motion for directed verdict. The Fourth District Court of Appeals reversed the trial court's decision. The court of appeals held that the trial court was required to consider both the opening statement and the complaint before determining whether a directed verdict was appropriate. The court of appeals remanded the case for the trial court to revisit its ruling on the motion in light of the allegations made in the complaint.

**{¶ 9}** The Fourth District certified that its holding was in conflict with the holding of the Tenth District Court of Appeals in *Blankenship v. Kennard*, 10th Dist. Franklin No. 92AP-415, 1993 WL 318825 (Aug. 17, 1993). We determined that a conflict exists on the issue " '[w]hether a trial court is required to consider the allegations contained in the pleadings, along with the opening statement, when ruling on a motion for a directed verdict made at the close of opening statement.' " 132 Ohio St.3d 1421, 2012-Ohio-2729, 969 N.E.2d 270.

## II. Analysis

**{¶ 10}** This case presents us with an opportunity to clarify the standard a trial court should use in ruling on a motion for directed verdict made after an opening statement. We hold that although the trial court is not *required* to consider the pleadings when ruling on a Civ.R. 50(A)(1) motion, in liberally construing the motion in favor of the opposing party, it *may* do so. We answer the certified question in the negative. We hold further that a trial court may grant a motion for directed verdict made at the close of a party's opening statement only when that statement indicates that the party will be unable to sustain its cause of action or defense at trial.

### A. Background of Civ.R. 50

**{¶ 11}** To address the present issues, we must first place Civ.R. 50(A) in its proper context among the civil rules that provide for the resolution of a case

4

before the case reaches the jury. Different rules allow the termination of a case at different points in the litigation.

*1. Civ.R. 12: Motions to Dismiss and for Judgment on the Pleadings*

{¶ 12} Civ.R. 12 provides for motions and pleadings to be made by a defendant after receiving a complaint, and Civ.R. 12(B) provides for the filing of a motion to dismiss based upon a failure to state a claim for relief:

> Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

In addition to the Civ.R. 12(B)(6) pleading or motion, Civ.R. 12(C) provides for a motion for judgment on the pleadings: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." If a party has pled or moved to dismiss under Civ.R. 12(B)(6) or moved for judgment on the pleadings under Civ.R. 12(C), Civ.R. 12(D) provides that the pleading or motion "shall be heard and determined before trial on application of any party."

*2. Civ.R. 56: Summary Judgment*

{¶ 13} Summary judgment pursuant to Civ.R. 56 is another method available to a party seeking to avoid a trial and is used when the facts of a case are allegedly undisputed. A motion for summary judgment is based on evidence presented to the court and allows consideration of facts beyond the allegations included in the pleadings:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

*3. Civ.R. 50: Directed Verdict*

{¶ 14} Once a jury has been convened and trial has started, a party may no longer file a motion for judgment on the pleadings or for summary judgment. That time has passed. But a motion for directed verdict may be possible. Civ.R. 50(A), which addresses a motion for directed verdict, reads in full:

(1) When made. A motion for a directed verdict may be made *on the opening statement* of the opponent, *at the close of the opponent's evidence* or *at the close of all the evidence*.

(2) When not granted. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the

6

motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

(3) Grounds. A motion for a directed verdict shall state the specific grounds therefor.

(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

(5) Jury assent unnecessary. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

(Emphasis added.)

{¶ 15} Thus, a motion for directed verdict can be made at three separate points after the trial has commenced: after an opponent's opening statement, at the close of an opponent's evidence, or at the close of all the evidence. Civ.R. 50(A)(1).

{¶ 16} Motions for directed verdict are most commonly made after an opponent's case in chief or at the close of all evidence. Civ.R. 50(A)(4) sets forth a standard for granting a motion for directed verdict made *after evidence* has been submitted: "[A]fter construing the evidence most strongly in favor of the party against whom the motion is directed, * * * reasonable minds could come to but one conclusion upon the evidence submitted." This standard corresponds to the

standard established for summary judgment in Civ.R. 56, that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 17} Civ.R. 50(A) does not set forth a standard a trial court is to use in determining the motion for directed verdict before evidence is produced. The ultimate question before us in this case, then, is what standard the court must apply in determining whether to grant a motion for directed verdict made at the earliest possible point, i.e., after opening statement.

**B.   A trial court is not *required* to consider the pleadings in ruling on a motion for directed verdict following an opening statement**

{¶ 18} In answering the question of the applicable standard, we first address the conflict question certified in this case:   whether a trial court is *required* to consider the allegations contained in the pleadings, along with the opening statement, when ruling on a motion for a directed verdict made at the close of opening statement.   The Fourth District Court of Appeals answered that question by stating that a trial court must consider the allegations contained in the pleadings.   2012-Ohio-1145, ¶ 12-13.   The Tenth District previously answered that question by stating that a trial court should not consider the pleadings. *Blankenship v. Kennard*, 10th Dist. Franklin No. 92AP-415, 1993 WL 318825.

{¶ 19} The Skocik defendants agree with the Tenth District and assert that Civ.R. 50, when it is construed in pari materia with Civ.R. 12, does not contemplate consideration of the pleadings.   They reason that a complaint that fails to state a claim upon which relief may be granted would be dismissed before trial begins and thus that every lawsuit proceeding to trial is presumed to be based upon a complaint that states a claim for relief.   But this assumes that any motion that could have been made, would have been made—a dubious premise.   Because they presume that cases proceeding to trial have satisfied the burden under Civ.R.

12 (even if the pleadings are unchallenged), the Skocik defendants argue that a trial court must consider something different from those pleadings before it rules on a motion for directed verdict made after opening statement.

{¶ 20} In response, Parrish argues that because opening statements are not evidence, we should continue to follow the common-law rule that a court must consider the pleadings when ruling on an early motion for directed verdict. *See Vest v. Kramer*, 158 Ohio St. 78, 107 N.E.2d 105 (1952).

{¶ 21} As a technical matter, Civ.R. 50 does not mandate the court's consideration of the pleadings when a motion for directed verdict is made before evidence is presented. Even though Civ.R. 50 does not set forth a standard, reading the rule in pari materia with other civil rules, we conclude that a trial court is not required to consider the pleadings when ruling on a directed-verdict motion at this point in a trial. The timing of the directed-verdict motion is important. A Civ.R. 12(B) motion is made during the pleading stage and accordingly focuses upon information contained within the pleadings. A motion for summary judgment pursuant to Civ.R. 56 goes one step further and allows consideration of various information gathered and presented to the court before trial commences. A motion for directed verdict made at the conclusion of an opponent's opening statement focuses on what has been said during the opening statement. And motions for directed verdict following the presentation of evidence focus on the evidence submitted to the court during trial.

{¶ 22} The Ohio Jury Instructions explain the purpose of opening statements by stating: "[C]ounsel will outline in an opening statement what they expect their evidence will be. These opening statements are not evidence. They are a preview of the claims of each party designed to help you follow the evidence as it is presented." *Ohio Jury Instructions*, CV Section 301.05(5) (Rev. Jan. 21, 2011). Moreover, opening statements, aside from not being considered as evidence, may also be waived by a party.

**{¶ 23}** Because the civil rules distinguish motions for directed verdict following opening statement pursuant to Civ.R. 50 from motions for judgment on the pleadings pursuant to Civ.R. 12, it follows that each motion has a different focus. We cannot hold that trial courts are *required* to consider the pleadings when ruling on a motion for directed verdict following opening statement, because the motion focuses on what was said during the opening statement, and the trial court may be able to dispose of the motion solely upon the basis of the statement and without consulting the pleadings. Thus, we hold that a trial court that rules on such a motion is not required to consider the allegations contained in the pleadings.

## C. A trial court *may* consider the pleadings in ruling on a motion for directed verdict following an opening statement

**{¶ 24}** Although a court is not required to consider the pleadings in ruling on a motion for directed verdict made at the conclusion of an opponent's opening statement, this does not mean that a court is forbidden from considering the pleadings in ruling on the motion. Indeed, we have previously held in a personal-injury lawsuit alleging the negligence of a taxicab company that a "defendant's motion for a directed verdict, made after counsel for plaintiffs' opening statement in [the] case, should have been overruled, based upon the totality of facts asserted in the opening statement *plus the admissions in defendant's answer*." (Emphasis added.) *Brinkmoeller v. Wilson*, 41 Ohio St.2d 223, 225, 325 N.E.2d 233 (1975). *Brinkmoeller* thus allows a court to consider the pleadings.

**{¶ 25}** The syllabus language of *Brinkmoeller* is pertinent to the issue before us today:

> *A trial court should exercise great caution* in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those

10

that have been stated, do not constitute a cause of action or a defense, and *the statement must be liberally construed in favor of the party against whom the motion has been made*.

(Emphases added.) *Id.* at syllabus. In *Brinkmoeller,* we offered two instructions to trial courts considering these motions: (1) exercise great caution in sustaining the motion and (2) liberally construe the opening statement in favor of the party against whom the motion is made.

{¶ 26} Because in *Brinkmoeller* we permitted the consideration of a party's answer, instructed courts to exercise great caution in granting motions for directed verdict made at this stage, and mandated liberal construction of the motion in favor of the opposing party, we hold that trial courts *may* consider the pleadings in determining whether to grant a motion for directed verdict made after an opening statement. The dissenting opinion in this case acknowledges that *Brinkmoeller* allows a trial court to consider admissions made in a party's answer, but it also agrees with the Skocik defendants' argument that allowing consideration of the pleadings renders Civ.R. 50(A) meaningless. The Tenth District adopted this reasoning in its opinion in the certified-conflict case, *Blankenship v. Kennard*, 10th Dist. Franklin No. 92AP-415, 1993 WL 318825.

{¶ 27} But we do not agree that Civ.R. 50(A) is rendered meaningless when a trial court is permitted to consider the pleadings when ruling on a motion for directed verdict after an opening statement. A motion for directed verdict may be granted without referring to the pleadings when an assertion is made during opening statement that indicates that the party will be unable to sustain its claim or defense at trial. The assertion may occur, for example, when a plaintiff admits an affirmative defense that bars the claim or states explicitly that a certain element of the claim cannot be established. While these types of assertions are undoubtedly rare during opening statements, it is conceivable that they may be

11

made; and if they are made, Civ.R. 50(A) provides a mechanism by which the opposing party may move for directed verdict.

{¶ 28} The Skocik defendants argue that a "plaintiff should be required to state with particularity during opening statement those facts intended to be proven upon which the plaintiff's claim is based, without the necessity of consulting the complaint which may well contain only bare-bones allegations giving notice of the claim." We do not agree that this specificity is required during opening statements.

{¶ 29} Opening statements are not evidence; they serve merely as previews of a party's claims and are designed to help the jury follow the evidence as it is presented later in the trial. *Ohio Jury Instructions*, CV Section 301.05(5). Because opening statements function to prepare the jury for the presentation of evidence during the later stages of the trial, it would be inappropriate to require that parties state with particularity during opening statement all facts upon which their claims or defenses are based or risk losing a case on directed verdict.

{¶ 30} The dissent relies on R.C. 2315.01(A)(1) to conclude that a party who chooses to make an opening statement must state a claim or defense in the opening statement in order to avoid a directed verdict. This conclusion, however, overlooks the discretionary nature of R.C. 2315.01, which provides that trials shall proceed in the order set forth in that section "unless for special reasons the court otherwise directs." R.C. 2315.01(A)(1) thus does not even require that parties make opening statements, let alone address all issues in an opening statement. The dissent's reading of the statute overlooks the nonevidentiary role of opening statements and effectively takes away the discretion given to trial court judges to deviate from the statute "for special reasons."

**D. When a motion for directed verdict following an opening statement may be granted**

{¶ 31} An opening statement need not discuss every element of a claim or defense. But the question remains: What standard should a trial court follow when a party has moved for directed verdict following an opening statement?

{¶ 32} *Brinkmoeller* provides that before a motion for directed verdict following an opening statement is granted, "it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense." *Id.*, 41 Ohio St.2d 223, 325 N.E.2d 233, syllabus. Only if the opening statement shows that a party is completely unable to sustain a cause of action should the court take the case away from the jury by directing a verdict. A directed verdict was granted, for example, after a plaintiff in a products-liability case conceded in opening statement that deicing equipment it claimed was defective had not been activated prior to a plane crash. *United States Aviation Underwriters, Inc. v. B.F. Goodrich Co.*, 149 Ohio App.3d 569, 2002-Ohio-5429, 778 N.E.2d 122 (9th Dist.). The court of appeals affirmed the decision of the trial court because the admission in the opening statement showed that the plaintiff would not be able to prove the causation element of its claim. *Id.* at ¶ 20. *Accord King v. Joern*, 4th Dist. Hocking No. 91 CA 03, 1992 WL 126196, *2 (May 21, 1992) (plaintiff admitted during opening statement that one of the defendants, a realtor, had not been consulted until after the closing on the sale of the property and thus could not have had a duty to disclose the condition of the property to the plaintiff).

{¶ 33} If, however, it is unclear from the opening statement whether the party against whom the motion is made can proceed with its case, the court must determine whether that party has otherwise set forth a cause of action or defense. It is at this point that the court may choose to consult the pleadings to determine whether "all the facts expected to be proved, and those that have been stated, do

not constitute a cause of action or a defense," pursuant to *Brinkmoeller*. In short, the court must give the party against whom the motion is made the benefit of the doubt.

{¶ 34} The language in *Brinkmoeller* calling for the liberal construction of an opening statement indicates that motions for directed verdict made following an opening statement will be granted only in rare instances. If the court considers all information before it, such as the opening statement and the pleadings, and finds that what the party has set forth constitutes a claim or defense, the court should deny the motion; however, a party cannot sabotage its own case during opening statement and expect to prevail against a motion for directed verdict.

{¶ 35} In this case, when the Skocik defendants moved for directed verdict, they argued that during his opening statement, Parrish had failed to cite any deviation from a standard of care by Dr. Skocik and had not connected Dr. Skocik to the alleged wrongdoing. Although Parrish may have failed to mention certain elements of his claim against the Skocik defendants during the opening statement, that failure in and of itself did not permit the trial court to grant a directed verdict in their favor, because Parrish did not indicate an inability to sustain his cause of action. Although Parrish's counsel focused on Dr. Jones during the opening statement, he had also sued the Skocik defendants, and Parrish should have been permitted to present proof of the Skocik defendants' negligence at trial.

{¶ 36} We disagree with the Fourth District's determination that the trial court was required to consider the pleadings, but because the opening statement should have been construed liberally in favor of Parrish, we affirm the court of appeals' judgment that reversed the decision granting the motion for directed verdict.

### III. Conclusion

{¶ 37} We resolve the certified conflict by holding that a trial court is not required to consider the allegations contained in the pleadings along with the opening statement when ruling on a Civ.R. 50(A) motion for directed verdict, but that in liberally construing the opening statement in favor of the party against whom a motion for directed verdict has been made, a trial court may consult the pleadings.

{¶ 38} Accordingly, we affirm the judgment of the court of appeals reversing the trial court's decision to grant the motion for directed verdict, and we remand the case for proceedings consistent with this opinion.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL and KENNEDY, JJ., dissent.

_____

**KENNEDY, J., dissenting.**

{¶ 39} Respectfully, I dissent. I believe that the majority's holding renders Civ.R. 50(A) virtually meaningless because it permits a trial court to grant a directed verdict at the close of opening statement only if a party effectively admits that the party cannot sustain a claim or defense. I would hold that a trial court may grant a motion for a directed verdict if a party fails to set forth a concise claim or defense in opening statement.

{¶ 40} Civ.R. 50 does not articulate what a court must consider in deciding whether to grant a motion for directed verdict made at the close of an opening statement. However, R.C. 2315.01(A)(1) and (2) provide that at opening statement, "[t]he plaintiff concisely *shall state the plaintiff's claim,* and briefly may state the plaintiff's evidence to sustain it" and "[t]he defendant briefly *shall state* the *defendant's defense,* and briefly may state the defendant's evidence in support of it." A statute and a civil rule, if complementary, must be construed in

pari materia. *See Knittle v. Big Turtle II Condominium Unit Owners Assn., Inc.,* 46 Ohio App.3d 59, 61, 545 N.E.2d 916 (11th Dist.1988). Construing Civ.R. 50(A) in pari materia with R.C. 2315.01(A)(1), I would hold that when a party chooses to make an opening statement, the party must state a claim or defense in the opening statement in order to avoid a directed verdict.

{¶ 41} I agree also with the Tenth District Court of Appeals' holding in *Blankenship v. Kennard,* 10th Dist. Franklin No. 92AP-415, 1993 WL 318825 (Aug. 17, 1993). In *Blankenship,* the plaintiff's opening statement failed to allege any negligence on the part of one defendant. The plaintiff argued that the court should incorporate the allegations in his pleadings into his opening statement by reference.

{¶ 42} The court rejected the plaintiff's argument for two reasons. First, the court stated that "[b]y the time the actual fact-finding process has begun, a plaintiff should be able to make a statement in court which concisely states the reason why a named defendant should be held liable. Simple fairness for those who are being sued demands no less." *Id.* at *2.

{¶ 43} Second, the court held that adopting the plaintiff's argument

would render Civ.R. 50(A) meaningless for all practical purposes. The only time when a directed verdict could be granted at the close of opening statement would be when the complaint also failed to state a claim upon which relief could be granted. Presumably, in such circumstances, the complaint would already have been dismissed or summary judgment would have been granted long before trial. For Civ.R. 50 to be meaningful in allowing a directed verdict at the close of opening statement, the rule must contemplate a review of what was actually set forth in opening statement.

*Id.*

**{¶ 44}** Finally, in *Brinkmoeller v. Wilson*, 41 Ohio St.2d 223, 225, 325 N.E.2d 233 (1975), this court considered a plaintiff's opening statement and admissions by the defendant in determining whether to grant a motion for a directed verdict at the close of an opening statement.

**{¶ 45}** Therefore, I would hold that a trial court may grant a motion for a directed verdict if a party fails to set forth a concise claim or defense in the party's opening statement. In determining whether a party has set forth a concise claim or defense, the court may consider only the opening statement and any admissions that were made in a party's answer or pursuant to Civ.R. 36. In making that analysis,

> [a] trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made.

*Brinkmoeller* at syllabus.

Stating a Medical-Malpractice Claim During Opening Statement

**{¶ 46}** A plaintiff may avoid a directed verdict at the close of an opening statement if he or she sets forth a prima facie case of medical malpractice in opening statement. *See Berlin v. Cleveland Clinic Found.,* 8th Dist. Cuyahoga No. 85123, 2005-Ohio-4160, ¶ 56-58. A prima facie case of medical malpractice requires a "showing that: (1) the physician deviated from the ordinary standard of care exercised by other physicians, i.e. the physician was negligent and (2) such

deviation was the proximate cause of the patient's injury." *Egleston v. Fell*, 6th Dist. Lucas No. L-95-127, 1996 WL 50161, *2 (Feb. 9, 1996), citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 346 N.E.2d 673 (1976), paragraph one of the syllabus.

### Parrish's Malpractice Case

{¶ 47} While in large part the majority opinion sets forth the cogent facts, in my view there are some important facts that have been omitted. First, Parrish dismissed Dr. Skocik from the case. After Dr. Skocik was dismissed from the case, Parrish deposed Dr. Jones's expert witness, Dr. Writesel, who opined that Dr. Skocik had "grossly mismanaged" Parrish's care. Because of Dr. Writesel's testimony, Parrish amended his complaint to add Dr. Skocik as a defendant for a second time.

{¶ 48} Second, Dr. Skocik's answer denied breaching any standard of care, and there are no Civ.R. 36 admissions by Dr. Skocik in the record.

{¶ 49} And finally, when discussing Dr. Skocik's motion for a directed verdict, the trial judge asked Dr. Jones's counsel if he had "any words of wisdom." Counsel responded: "Judge I think this is an issue between the plaintiff and the defendant. I don't know that I have a dog in this hunt. I mean this—the opening—the opening statement of the plaintiff is what their case is against Doctor Skocik and against me. I do not have a cross-claim against Doctor Skocik."

### Parrish's Opening Statement

{¶ 50} The following are excerpts from Parrish's opening statement at trial:

> Let me get started. There's two rules in medicine that every doctor in this case is going to agree on. That a doctor should never place his patient in unnecessary danger and two, a doctor

should always attempt to do what is safest for his patient. If a doctor violates these rules then he is responsible for the harm he causes.

* * *

We have sued Doctor Jones. We have sued Doctor Jones because he has failed to meet the standard of care required of a physician discharging a patient like Karen Parrish. Doctor Jones was Karen's attending physician. He was her neurology specialist—he was treating her Guillain-Barre Syndrome. He was working with other consultants to assist him in making sure Karen was kept safe. He was her discharging physician. He's the one who filled out the continuity of care and told the other facility what to do until a doctor came and saw her. Doctor Jones will tell you that he knew on the day he discharged her that Karen was still at high risk for developing blood clots. He knew that Doctor Saad had her on D.V.T. prophylaxis. Blood clot protection. Lovenox. Doctor Jones will admit that Lovenox was the most effective way—and all the doctors will admit this—that Lovenox was the most effective way while Karen was still immobile, until she could get that strength back to pump her calf muscles, Lovenox was the most effective way of keeping those blood clots from forming. But Doctor Jones failed to put Lovenox or D.V.T. prophylaxis onto his continuity of care form.

* * *

I had this case reviewed by a neurologist by the name of Joe Campellone. He is a neurologist out of the Philadelphia area, Jersey, who has a special interest in Guillain-Barre, he's seen a lot of it in his time and he's looked at this case and he discharges

patients. * * * Doctor Campellone will tell you Lovenox needed to be given to Karen as soon as she got within that twenty four hour period, as soon as she got to the Chillicothe Rehab. Doctor Campellone will tell you that in medical probability, more likely than not, if Karen was on the Lovenox as she should have been, the blood clots would not have formed and those blood clots would not have traveled to her lung and she would not have died.

Other experts will say the same thing. Doctor Skocik will have two experts here. Doctor Cefalu, a geriatric expert, a person who works in the nursing home setting and Doctor Wald, a neurologist * * *. They will testify to the same thing, that Karen was at a high risk for clots. She needed to be on Lovenox and it was Doctor Jones' responsibility to have her on the Lovenox. One of Doctor Jones' own experts, Doctor Writ[e]sel, will say the same thing, that she needed to be on the Lovenox. Doctor Jones didn't do it. He chose not to do that. He chose to terminate the Lovenox and hope something else would happen. When he didn't put the Lovenox or the D.V.T. prophylaxis on that, he chose not to do what was safe and he put Karen Parrish in unnecessary harm. Doctor Jones has refused to take responsibility for the harm he caused and that is why we're here. That's why we're here.

* * *

* * * Doctor Jones, through his attorneys, have hired a medical expert, Doctor Writ[e]sel who I had mentioned, who will tell you that it was Doctor Skocik's fault. That it was Doctor Skocik's fault for not ordering the proper D.V.T. prophylaxis in time. I'll let Doctor Skocik's attorneys argue for Doctor Skocik about that. But, there is a reason for continuity of care forms.

That's the communication bridge between one doctor to the next so that the patient doesn't get lost.

After all the evidence is presented on these issues, I believe you'll find that Doctor Jones just forgot. I think he just forgot to put the D.V.T. prophylaxis in there. He ran a red light. Anyone can make a mistake, but when you make a mistake, it is wrong to try to evade your responsibility, that's why we're here. You have the power as a jury, after listening to the evidence, you have the power to hold Doctor Jones responsible for the harm he caused.

## Parrish Failed to Set Forth a Prima Facie Medical-Malpractice Claim Against Dr. Skocik in the Opening Statement

{¶ 51} At the close of Parrish's opening statement, Dr. Skocik's counsel moved for a directed verdict. After a discussion between the judge and counsel, and without giving Parrish's counsel an opportunity to amend his opening statement, the trial court granted Dr. Skocik's motion for a directed verdict.

{¶ 52} In his opening statement, Parrish's counsel set forth a prima facie case of medical malpractice against Dr. Jones. However, even construing the facts in a light most favorable to Parrish, he did not set forth a prima facie claim of malpractice against Dr. Skocik. Parrish did not claim that Dr. Skocik had breached a standard of care regarding Karen Parrish's care or that any breach of care proximately caused her death. And Dr. Skocik made no admissions in his answer or pursuant to Civ.R. 36 that would assist Parrish in making his medical-malpractice case against Dr. Skocik.

{¶ 53} Construing the facts in a light most favorable to Parrish, Parrish merely asserted that Dr. Jones had an expert who would say that it was Dr. Skocik's fault and that Parrish would let Dr. Skocik's lawyer argue for him. However, Dr. Jones never filed a cross-claim against Dr. Skocik. Therefore, Dr.

Jones was not obligated to set forth a claim or defense against Dr. Skocik, and the question whether Dr. Jones could or would establish a claim or defense against Dr. Skocik was not relevant when the trial court was ruling on Dr. Skocik's motion for directed verdict at the close of Parrish's opening statement.

{¶ 54} Therefore, I would reverse the judgment of the court of appeals, reinstate the judgment of the trial court granting Dr. Skocik's motion for a directed verdict, and remand the case for dismissal. Accordingly, I respectfully dissent.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Rourke & Blumenthal, L.L.P., Kenneth S. Blumenthal, and Jonathan R. Stoudt, for appellee.

Arnold, Todaro & Welch Co., L.P.A., Kevin W. Popham, and Gregory B. Foliano, for appellants.

_____