[Cite as *Capital One, N.A. v. Howard*, 2024-Ohio-275.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| CAPITAL ONE, N.A. | : | |
| Appellee | : | C.A. No. 2023-CA-25 |
| v. | : | Trial Court Case No. 2023CVF00559 |
| GINO P. HOWARD | : | (Civil Appeal from Municipal Court) |
| Appellant | : | |

. . . . . . . . . . .

A M E N D E D   O P I N I O N

Rendered on January 29, 2024

. . . . . . . . . . .

GINO P. HOWARD, Pro Se Appellant

AMANDA RASBACH YURECHKO, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} In this action on an account, Defendant-Appellant Gino P. Howard appeals from the judgment of the Miami County Municipal Court after it granted Capital One's motion for summary judgment. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.   Facts and Procedural History

{¶ 2} On April 13, 2023, Capital One filed a complaint against Howard in Miami County Municipal Court to reduce to judgment the amount due on his credit card. According to the complaint, Howard defaulted under the terms of his agreement and Capital One accelerated the time for payment of the entire balance due – a total of $2,750.51. Howard filed his answer on May 9.

{¶ 3} On June 26, 2023, Howard filed a motion to dismiss. The filing was one page and without support. Two days later, Capital One filed a motion for summary judgment; Howard failed to respond. On July 18, the trial court overruled Howard's motion to dismiss and granted the motion for summary judgment.

{¶ 4} Howard has filed a timely appeal.

## II.   Summary Judgment

{¶ 5}  Howard's pro se brief does not comply with App.R. 16, which outlines the requirements of appellate briefs. While he presents no formal assignments of error, we construe his brief to challenge the trial court's decision to grant Capital One summary judgment. Howard particularly emphasizes his concern that the trial court ruled against him "without the presence of a legally binding signed contract." This, he claims, was in violation of his Sixth Amendment "right to challenge claims made against [him]."

{¶ 6} Pursuant to Civ.R. 56(C), a movant is entitled to summary judgment when that party demonstrates that there is (1) no issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party.

*Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, 166 N.E.3d 725, ¶ 22 (2d Dist.).

{¶ 7} "The burden of demonstrating that no genuine issues exist as to any material fact falls upon the moving party requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The non-moving party cannot rely upon the mere allegations or denials in the pleadings but must give specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *accord Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2021-Ohio-394, 167 N.E.3d 1095, ¶ 14 (2d Dist.). When the standard is met, summary judgment must be awarded as a matter of law.

{¶ 8} We review the trial court's ruling on a summary judgment motion de novo. *Martcheva v. Dayton Bd. of Edn.,* 2021-Ohio-3524, 179 N.E.3d 687, ¶ 35 (2d Dist.). That means we will independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13.

{¶ 9} As to the underlying suit, "[a]n action on an account is founded upon contract, and is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid." (Citations omitted.) *Creditrust Corp. v. Richard*, 2d Dist. Clark No. 1999-CA-94, 2000 WL 896265, *3 (July 7, 2000). The action exists to avoid the multitude of suits that would be necessary if each transaction between the parties were

construed as constituting a separate cause of action. *Id.*

{¶ 10} To properly plead and prove an action on an account, the plaintiff must attach an account to the complaint. "An account must show the name of the party charged. It begins with a balance preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance claimed to be due." *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 126, 223 N.E.2d 373 (10th Dist.1967).

{¶ 11} In this case, Capital One's motion demonstrated that no genuine issue of fact remained for trial. It provided an affidavit demonstrating Howard's ownership of the account, statements showing its use and payments made, the balance remaining on the account, and an agreement. With Capital One's burden met under Civ.R. 56, the burden then shifted to Howard to show that a genuine issue of material fact existed. The record before us demonstrates that Howard did not respond to the summary judgment motion and therefore the trial court did not err in granting it.

{¶ 12} Nevertheless, Howard contends that the summary judgment motion should not have been granted because Capital One could not show that he signed a contract. While it is true that the record does not contain an application document with his signature on it, Ohio courts have recognized that "credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." *Bank One,*

*Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493, 589 N.E.2d 284 (10th Dist.1989). *Accord Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2d Dist. Montgomery No. 23161, 2010-Ohio-746, ¶ 17 ("the issuance and use of a credit card can create a legally binding agreement"). A creditor does not need to produce a signed credit card application to prove the existence of a binding contract because the credit card agreement created one. *Discover Bank v. Poling*, 10th Dist. Franklin No. 04AP-1117, 2005-Ohio-1543, ¶ 17.

{¶ 13} Howard's final argument, that his constitutional rights (specifically the Sixth Amendment) were violated by the trial court's grant of summary judgment, must also be rejected. First, a claim of a violation of the United States Constitution fails because the Sixth Amendment does not apply to civil matters. *Capital One Bank v. McCladdie*, 8th Dist. Cuyahoga No. 111289, 2022-Ohio-4082, ¶ 27. An appeal to the Ohio Constitution fairs no better. "[A] trial court does not violate the Ohio Constitution by granting summary judgment when no material issues of fact exist for a jury to decide. It is well-established that '[s]ummary judgment pursuant to Civ.R. 56 is another method available to a party seeking to avoid a trial and is used when the facts of a case are allegedly undisputed.' " *Huntington Natl. Bank v. Thompson*, 2014-Ohio-5168, 24 N.E.3d 621, ¶ 20 (2d Dist.), quoting *Parrish v. Jones,* 138 Ohio St.3d 23, 2013-Ohio-5224, 3 N.E.3d 155, ¶ 13.

{¶ 14} The procedural fairness mandates of Civ.R. 56 place significant responsibilities on the litigants and the trial court to make sure that summary judgment is only granted after all parties have had an opportunity to be heard. *Capital One Bank* at ¶ 26. In the case at bar, Howard had a chance to be heard but failed to respond to Capital

One's motion for summary judgment; therefore, his rights were not violated.

**{¶ 15}** The trial court did not err in granting Capital One's motion for summary judgment. To the extent that Howard raises an assignment of error, it is overruled.

### III.     Conclusion

**{¶ 16}** The judgment of the trial court will be **affirmed**.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.