[Cite as *Schaefer v. Bolog*, 2018-Ohio-1337.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PATRICIA SCHAEFER | ) | CASE NO. 17 MA 0085 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| FRANK A. BOLOG | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas, Probate Division, of Mahoning
County, Ohio
Case No. 2015 CI 00024

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Thomas W. Connors
Black McCuskey Souers & Arbaugh
220 Market Avenue South
Suite 1000
Canton, Ohio  44702

For Defendant-Appellant:     Atty. Craig T. Conley
604 Huntington Plaza
220 Market Avenue South
Canton, Ohio  44702

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  March 29, 2018

WAITE, J.

{¶1} Appellant, Frank A. Bolog, appeals the decision of the Mahoning County Court of Common Pleas, Probate Division, in favor of Appellee, Patricia Schaefer, following jury trial in a will contest action. On appeal, Appellant argues the trial court erred when it denied his motion for summary judgment and his motion for reconsideration after denial of summary judgment. Appellant contends the court also erred in denying his motion for a directed verdict and in entering judgment for Appellee after trial.

{¶2} The parties are brother and sister. Appellant proposed to probate a will signed by his father, Decedent. Appellee contested the validity of this will. Appellee based her challenge to the will on the testamentary capacity of Decedent, claiming he was under the undue influence of Appellant. Appellant contends this matter never should have gone to trial and that his motion for summary judgment and his subsequent motion for reconsideration of its denial should have been granted because Appellee failed to meet her burden to demonstrate that a genuine issue of material fact existed. Additionally, Appellant contends the trial court should have granted the motion for directed verdict he made after Appellee's opening statement at trial, because Appellee failed to argue that Decedent lacked testamentary capacity. Appellant also claims that the trial court erred in entering judgment consistent with the jury verdict, but does not provide any argument regarding that assignment. Appellant has failed to demonstrate the trial court erred in denying his motion for summary judgment or the subsequent reconsideration motion. Further, Appellant has failed to demonstrate the trial court erred in denying his motion for a

directed verdict or that the trial court erred in entering judgment based on the jury verdict. Accordingly, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶3}** Frank K. Bolog, ("Decedent") was married to Betty Bolog ("Betty"). Both were the parents of Appellant and Appellee. Decedent ran a bus transportation business for many years. The business was turned over to Appellant. The family home was transferred to Appellee. Decedent and Betty had executed a will in 1954 which was still valid in 2013 when Decedent, accompanied by Appellant, visited the family attorney, Stephen Stone. Decedent asked that the will be rewritten to remove Appellee as a beneficiary, allegedly because she was trying to take over the business. Stone advised against such action and instead recommended that Decedent open a bank account and name Appellant as the beneficiary payable on death. Rather than take that advice, on September 10, 2013 Decedent, again accompanied by Appellant, visited an attorney who handled the family business, Dennis Clunk. Decedent made the same request to remove Appellee as a beneficiary under the will. Clunk advised that Decedent "go to lunch" and think about it before executing the will. Decedent returned that day, again accompanied by Appellant, and executed the will as changed.

**{¶4}** Decedent and Betty were living with Appellee and she had been their primary caretaker for several years. Guardianship proceedings for Decedent and Betty were filed by Appellee in the Stark County Court of Common Pleas, Probate

Division, the parties' county of residence. (Stark County Case No. 219089). Decedent had been evaluated for dementia on August 8, 2013, by Dr. Suzanne Beason-Hazen. He was found to have mild dementia and was determined to be incapable of managing his finances and property. Dr. Beason-Hazen's report was filed with Stark County Probate Court on October 11, 2013. Moreover, on October 18, 2013, just over a month from the date of the execution of the will at issue here, Appellant also filed an application for guardianship for Decedent, representing that Decedent was incompetent at that time. The record also contains evidence that on November 13 and 14, 2013, Appellant accompanied Decedent to a number of banks where several thousand dollars were transferred from an account in both parents' names to an account owned by Decedent and Appellant. At around the same time Decedent also executed a power of attorney in favor of Appellant. A guardian for Decedent was named by the Stark County Probate Court. The guardian was able to recover approximately half of the withdrawn funds. On November 18, 2013, Appellant brought Decedent in for an evaluation by Dr. Mark Hostetler at the behest of Attorney Clunk. Dr. Hostetler concluded that at the time, Decedent was experiencing mild dementia, but disagreed with Dr. Beason-Hazen's evaluation regarding Decedent's ability to manage his finances.

{¶5} Shortly afterward, Decedent moved out of Appellee's home and into Copeland Oaks Assisted Living. Betty continued to reside with Appellee. Decedent was evaluated at Copeland Oaks on February 3, 2014 by Dr. Mark Shivers, who concluded that Decedent's dementia was mild and that he was competent to make

his own decisions and decisions on behalf of his spouse. However, on February 4, 2014, the Stark County Probate Court issued a judgment entry determining that Decedent was incompetent.

{¶6} A short time later Betty died. A guardian ad litem report was submitted in the Stark County matter on June 5, 2014. The guardian concluded that Decedent was in full possession of his mental capacities but that the issue of undue influence should be investigated or concluded as quickly as possible. Decedent was re-evaluated on July 24, 2014 by Dr. Robert DeVies. Dr. DeVies concurred with Dr. Beason-Hazen's prior evaluation that Decedent was incapable of managing his personal business.

{¶7} Despite conflicting medical evaluations and Appellant's own motion seeking guardianship of Decedent, Appellant filed a motion to terminate guardianship in the Stark County Probate Court on October 16, 2014. Decedent was evaluated again on March 3, 2015, by Dr. Jay Berke, who concluded that Decedent was suffering from moderately severe dementia.

{¶8} Decedent passed away on May 29, 2015. The disputed will was admitted to the Mahoning County Court of Common Pleas, Probate Division, on June 1, 2015. Appellee filed a complaint on June 17, 2015 alleging both that Decedent lacked testamentary capacity to execute the 2013 will and that Appellant exerted undue influence over him. An answer was filed on June 24, 2015. Appellee sought leave and filed an amended complaint on July 13, 2016, naming Appellant both individually and in his capacity as executor of the 2013 will. An answer was filed on

July 18, 2016. Appellant filed a motion for summary judgment on July 21, 2016 and a supplemental memorandum and motion for leave to file a motion for summary judgment was filed on July 25, 2016. In his summary judgment motion Appellant contended that the Stark County Probate Court found Decedent incompetent but did not provide a reason. Thus, Appellee's assertion in her complaint that Decedent was incompetent by reason of dementia was not supported on summary judgment. Appellant also argued that the Mahoning County Probate Court, in an earlier entry denying a motion filed by Appellee seeking to transfer the matter from Mahoning to Stark County, held that Decedent was competent to form an intent to establish a new domicile. Therefore, Appellant asserted that the probate court had already ruled on Decedent's competency. Appellee opposed Appellant's request to file a motion for summary judgment, alleging only that it was untimely.

**{¶9}** In a judgment entry dated August 24, 2016, the trial court determined that the summary judgment motion was timely filed, but denied the motion, holding that Appellant failed to demonstrate that no genuine issues of material fact remained for trial. The court stated that its earlier ruling, that Decedent had the ability to form an intent to establish a new domicile, was based on a different standard than the standard required to show Decedent lacked testamentary capacity. The court also held that questions of fact remained regarding whether Appellant exerted any undue influence on Decedent.

**{¶10}** Appellant filed a motion for partial reconsideration of the denial of summary judgment on August 29, 2016. In it, he argued the same claims he posited

in the underlying summary judgment motion. Appellee filed a motion in opposition, simply alleging that because Appellant failed to meet his initial burden in summary judgment to prove that no question of fact remained to try, she had no reciprocal evidentiary burden. The trial court denied the motion for reconsideration on September 13, 2016 and set the matter for a jury trial. After the conclusion of the jury trial, on April 5, 2017 the trial court held the proposed will dated September 10, 2013, did not constitute the last will and testament of Decedent. Appellant filed this timely appeal and raises four assignments of error.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO APPELLEE ON HER WILL CONTEST ACTION.

{¶11} Appellant provides no argument under the first assignment of error. Instead, he refers to it as an "omnibus" assignment of error that is dependent on the other three assignments. Pursuant to the appellate rules, as Appellant has failed to specifically argue this assignment of error or direct our attention to any portion of the record relative to this assignment, it will not be addressed by this Court. App.R. 16(A)(7).

{¶12} Turning to those assignments which are supported by argument, assignments of error three and four regarding summary judgment will be addressed first for purposes of clarity.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE TRIAL COURT, AS A MATTER OF LAW, ERRED IN DENYING APPELLANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT.

ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT, AS A MATTER OF LAW, ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF ITS DENIAL OF HIS UNOPPOSED MOTION FOR SUMMARY JUDGMENT.

{¶13} Appellant contends the trial court erred in denying his motion for summary judgment and his motion seeking reconsideration of this denial, claiming that, as a matter of law, there were no genuine issues of material fact left for trial concerning an essential element of Appellee's case.

{¶14} An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶15} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶16} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, a court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

{¶17} Appellant claims that his motion contained unrefuted evidence in the form of the sworn depositions of Attorney Clunk, who drafted the disputed will, and Appellee. Clunk testified that he believed Decedent was competent when he came to Clunk's office seeking to draft a new will. Appellant also relies on Appellee's deposition testimony, where she stated that she had no personal knowledge

Appellant exerted undue influence on Decedent, but noticed manipulation of Decedent by Appellant. While Appellant discussed the Stark County probate finding of incompetency, he highlighted that the trial court never gave a reason for its finding. Appellant cited to his own motion to terminate Decedent's guardianship, although it was never adjudicated due to Decedent's death. Finally, Appellant referenced the findings of two separate physicians (Dr. Shivers and Dr. Hostettler) who found Decedent to be competent during the pendency of the guardianship proceeding. Appellant claims that Appellee presented no evidence at summary judgment contradicting this testimony and presented no additional evidence demonstrating Decedent lacked testamentary capacity.

**{¶18}** In the instant matter, Appellant's initial summary judgment motion was not opposed by Appellee. Once it was denied, Appellee's response to Appellant's reconsideration motion was that the record as provided by Appellant himself showed that genuine issues of material fact existed because two physicians had found Decedent incompetent, suffering from moderately severe dementia, and Stark County had ordered a guardianship for Decedent. Appellee argued that, as Appellant had not met his burden to demonstrate that there was no genuine issue of material fact, Appellee was not required to further respond to the motion.

**{¶19}** Summary judgment may be appropriate when the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. *Abram v. Greater Cleveland Regional Transit Auth.,* 8th Dist. No. 80127, 2002-Ohio-2622 at ¶ 43. However, even when a summary judgment motion

is unopposed, the motion and supporting evidence must show that no material fact in the case is in dispute before the court can grant the motion. *Charles Gruenspan Co. v. Thompson,* 8th Dist. No. 80748, 2003-Ohio-3641. Therefore, the only relevant argument under this assignment is whether at the time the motion for summary judgment was filed, no material fact remained outstanding and Appellant was entitled by law to judgment.

{¶20} Although Appellee failed to respond to Appellant's motion for summary judgment, Appellant himself included contradictory evidence within his summary judgment motion. Appellant directed the trial court to the medical evaluations of both Drs. Shivers and Hostettler, who both concluded Decedent possessed the competency required to manage his own affairs. However, Appellant also referred to the expert evaluation and findings of Dr. Beason-Hazen filed in the Stark County Probate Court. Dr. Beason-Hazen concluded that Decedent was not capable of managing his finances properly. Based on this expert opinion, the Stark County Probate Court issued an entry dated February 4, 2014, finding Decedent to be incompetent. Both of these evidentiary items contradict the assertions made by Appellant in his own motion, demonstrating that there were genuine issues of material fact precluding summary judgment. Based on this, the trial court did not err in denying Appellant's motion for summary judgment and the later request for reconsideration of that denial.

{¶21} Additionally, we must note that denial of a motion for summary judgment generally cannot be reversed on appeal if the matter has gone to trial on

the identical factual issues raised in the summary judgment motion. *Continental Ins. Co., v. Whittington*, 71 Ohio St.3d 150, 156, 642 N.E.2d 615 (1994). This rule prevents the fundamental unfairness inherent in overturning a fully litigated jury verdict in favor of a judgment rendered on an abbreviated presentation of evidence. *Id.*

**{¶22}** The *Continental* case applies unless denial of summary judgment must be reversed on the application of law, even if the case went to trial and a verdict was rendered. *Continental* at 158; *The Promotion Co., Inc./Special Events Div. v. Sweeney*, 150 Ohio App.3d 471, 2002-Ohio-6711, 782 N.E.2d 117, ¶ 15. Additionally, an interlocutory denial of summary judgment may be reviewed and reversed on appeal if the issues involved at the summary judgment stage were never actually litigated at the subsequent trial. *Continental* at 159. Therefore, we review this record not to second-guess the jury's decisions on factual issues, but to determine whether either of the two *Continental* exceptions to the general rule that failure to grant summary judgment is harmless even in an appropriate case when the matter is eventually tried.

**{¶23}** Appellee raises two main arguments opposing Appellant's summary judgment argument: (1) that any error in denying summary judgment by the trial court is moot because trial on the merits was held on the issues; and (2) Appellant failed to file a trial transcript of the proceedings necessary to make a determination whether the trial court's ruling was proper.

**{¶24}** We note that Appellant filed a partial transcript containing only Appellee's opening statement. Appellant claims that a full transcript of the trial proceedings is not necessary here because none of Appellant's assignments of error rely on the transcript. Appellant also contends because the denial of summary judgment constituted an error of law, pursuant to *Continental* and *Sweeney*, *supra,* the denial of summary judgment is reviewable and reversible.

**{¶25}** Appellant's motion for summary judgment filed with the trial court was based on five pieces of evidence: (1) the earlier determination of incompetency by the Stark County Probate Court which failed to state the reason for that finding; (2) medical evaluations contradicting the expert evaluation submitted to the Stark County Probate Court concluding that Decedent was incompetent; (3) the deposition of Attorney Clunk which indicated that he believed Decedent to be competent at the time Decedent executed the will in Clunk's office; (4) Appellee's deposition testimony that she had no personal knowledge of undue influence exerted on Decedent by Appellant; and (5) the trial court's prior ruling that in early 2014 Decedent was competent enough to form an intent to establish a new domicile. Appellant characterizes this probate court decision as an adjudication of Decedent's capacity, and additionally posits that Appellee's claim was barred by *res judicata.*

**{¶26}** While Appellant contends no questions of fact existed and the summary judgment motion was filed based purely on a matter of law, law which the court erred in applying and which would enable our review even after jury trial, it is clear from the face of Appellant's motion (even though unopposed by Appellee) that genuine factual

issues existed regarding Decedent's competency. Reference to competing medical evaluations as well as to the finding of incompetency by the Stark County Probate Court reveal that the facts were far from settled and that the matter did not involve merely a legal determination. For this reason, the exception found in *Continental* that the court erred in applying the law to the undisputed facts does not apply in the case *sub judice. Continental* at 158. This matter clearly involved a factual dispute.

**{¶27}** The second *Continental* exception is where the issues involved in summary judgment were not actually litigated at trial. *Id.* at 159. Again, Appellant has failed to file a trial transcript as part of the record in this appeal. This failure precludes any evaluation of whether the factual issues presented in summary judgment were actually litigated at trial. It is Appellant's duty to provide all transcripts necessary for a full review of the issues presented on appeal.

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to

those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

*Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶28} Without a transcript of the jury trial, we must presume the regularity of the proceedings below, including the presumption that the factual issues involved in summary judgment were fairly and adequately addressed at trial. The record contains nothing to indicate otherwise. Hence, as in *Continental*, any possible error resulting from the denial of Appellant's motion for summary judgment must be viewed as harmless in light of the subsequent jury trial adjudicating the same factual issues.

{¶29} It appears from the record and from a review of Appellant's motion for summary judgment that there were factual disputes concerning Decedent's competency. When there are genuine issues of material fact in dispute, summary judgment is not appropriate. The trial court was correct in overruling Appellant's motion for summary judgment.

{¶30} Based on the existence of disputed factual issues and the presumption that those factual issues were addressed at trial, Appellant's third and fourth assignments of error are without merit and are overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT, AS A MATTER OF LAW, ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT FOLLOWING APPELLEE'S OPENING STATEMENT.

**{¶31}** Turning to his second assignment of error, Appellant contends the trial court erred in denying his motion for directed verdict proffered at the end of Appellee's opening statement. In support, Appellant did submit a partial transcript of Appellee's opening statement and argues that there was no mention of the term "testamentary capacity" and no reference to Decedent's lack of testamentary capacity on the day the 2013 will was executed.

**{¶32}** "A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel." *Brinkmoeller v. Wilson,* 41 Ohio St.2d 223, 325 N.E.2d 233 (1975), syllabus. A trial court may grant a motion for a directed verdict made at the end of a party's opening statement only when the opening statement shows that the party will be unable to sustain its cause of action at trial. *Parrish v. Jones,* 138 Ohio St.3d 23, 2013-Ohio-5224, 3 N.E.3d 155, paragraph three of the syllabus.

**{¶33}** Once a jury has been convened and trial has started, a party may file a motion for a directed verdict. Civ.R. 50 governs a directed verdict:

(1) When made. A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence.

(2) When not granted. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A

motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.

(3) Grounds. A motion for a directed verdict shall state the specific grounds therefor.

(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

(5) Jury assent unnecessary. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

**{¶34}** Hence, a motion for a directed verdict can be made after an opponent's opening statement, at the close of opponent's evidence, and at the close of all of the evidence. Civ.R. 50(A)(1). When ruling on a motion for a directed verdict made after an opponent's opening statement, while the trial court is not required to consider the allegations contained within the pleadings, the court is permitted to consider them. *Parrish* at ¶ 23-24. The trial court must also liberally construe the opening statement in favor of the party against whom the motion is made. *Brinkmoeller,* syllabus.

**{¶35}** A motion for directed verdict presents a question of law, rather than fact. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4. On a question of law, we apply a *de novo* standard of review on appeal. *Id.*

**{¶36}** It is axiomatic that opening statements are not evidence and serve merely to present a preview of the party's claims and to assist the jury in following the evidence as it will be presented later in the trial. *Parrish* at ¶ 29. Moreover, an opening statement need not discuss every element of a claim. *Id.* at ¶ 31. The Supreme Court of Ohio has stated that only when the opening statement demonstrates that the party is completely unable to sustain a cause of action should the court take the matter away from the jury and grant the motion for a directed verdict. *Id.* at ¶ 32.

**{¶37}** In the instant case, when Appellant moved for a directed verdict, he argued at trial that the opening statement only referred to dementia and "that ain't the same as a lack of testamentary capacity." (2/13/17 Tr., p. 21.) Appellant argued that there was no supporting evidence proffered to prove a lack of testamentary capacity. Appellant contends that Appellee was alleging a fraud claim and never spoke the word "fraud" or established proximate cause between Appellant and fraud in the opening statement. Appellee's counsel argued that he chose not to use legal terminology in his opening statement to the jury but that he referenced elements that needed to be proven without going into exhaustive detail, reserving that for trial.

{¶38} A review of the opening statement reveals that Appellee's counsel provided a chronological recitation of the facts surrounding Decedent's living situation and his relationship with his children, beginning with the execution of the initial will, to the conduct of Decedent and Appellant at the time the 2013 will was executed. Appellee spoke to the jury about the transfer of the business from father to son, the subsequent financial difficulties of the business, and the evidence of large monetary withdrawals from Decedent's accounts that he could not account for. The opening statement also discussed constant requests for money from Decedent by Appellant. Appellee's counsel spoke about the medical evaluations which had determined Decedent was not competent to make financial decisions, and doctors' concerns about Decedent's management of money and the possibility that someone (Appellant) might be trying to influence Decedent. (2/13/17 Tr., p. 11.) Appellee's counsel also referred to the filing of a request for guardianship of Decedent signed by Appellant around the time the 2013 will was executed, as well as evidence that Appellant took Decedent to several banks to make withdrawals during that same time. (2/13/17 Tr., p. 13.) Thus, during the opening statement, Appellee's counsel introduced and outlined the issues of testamentary capacity and undue influence.

{¶39} After Appellant moved for a directed verdict, the trial court recessed to research the matter. The court ultimately concluded that the complaint and the opening statement, when construed in favor of Appellee, did not warrant a directed verdict. Appellant complains that in opposing the motion, Appellee cited to a case that mistakenly caused the court to believe that it was mandated to take into

consideration the pleadings in the matter, instead of merely permitted to consider the pleadings in the discretion of the court. The record does not support any error or confusion on the part of the judge in this regard. Again, while the court is not compelled to take into consideration the allegations contained in the pleadings, it may do so if it chooses.

**{¶40}** Considering the standard under which a trial court may grant a directed verdict made after a party's opening statement and the record of the opening statement and the pleadings, when these are liberally construed in favor of Appellee, the trial court correctly denied Appellant's motion for a directed verdict. The trial court's decision in this regard is affirmed.

**{¶41}** Based on the foregoing, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.