[Cite as *In re Estate of Bolog*, 2019-Ohio-4083.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY


IN THE MATTER OF THE EASTATE OF:

FRANK K. BOLOG, DECEASED.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0127**

---

Civil Appeal from the
Court of Common Pleas, Probate Division, of Mahoning County, Ohio
Case No. 2017 CI 23

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jeffrey Jakmides,* 325 East Main Street, Alliance, Ohio 44601, for Appellant and

*Atty. Thomas Connors,* Black, McCuskey, Souers, and Arbaugh, 220 Market Avenue South, Suite 1000, Canton, Ohio 44702 for Appellee.

Dated: September 30, 2019

---

**D'Apolito, J.**

{¶1} Appellant, Frank A. Bolog appeals the denial of his motion for judgment on the pleadings by the Mahoning County Court of Common Pleas, Probate Division, in this action instituted by his sister, Appellee, Patricia Schaefer, for concealment, embezzlement, and the possession or conveyance of the estate assets of their father Frank K. Bolog ("Bolog"), filed pursuant to R.C. 2109.50, and for a declaratory judgment invalidating real estate transfers based upon Appellant's undue influence and/or his parents' lack of mental capacity. In the motion for judgment on the pleadings, Appellant argued that the probate court did not have subject matter jurisdiction over the allegations in the verified complaint, because they stated an action to collect a debt, not an action for concealment, embezzlement, or possession of estate assets. Appellant further argued that the declaratory judgment claim predicated upon undue influence was time barred. The probate court overruled the motion in its entirety. For the following reasons, the judgment entry of the probate court is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2} On June 15, 2015, Appellant was appointed as executor of the Estate pursuant to a will executed on September 10, 2013. Appellee filed a will contest action and a motion to remove Appellant as executor on June 17, 2015. On August 2, 2015, a notice was filed indicating that the parties had agreed to the appointment of Anne Piero Silagy as administrator for the estate. Silagy was appointed the following day. On April 5, 2017, a jury invalidated the will, which was executed at Appellant's behest with the assistance of Attorney Dennis R. Clunk when Bolog was suffering from mild dementia. On March 29, 2018, this Court affirmed the probate court's denial of a motion for summary judgment, and a motion for a directed verdict following the jury verdict. *Schaefer v. Bolog*, 7th Dist. Mahoning No. 17 MA 0085, 2018-Ohio-1337, 109 N.E.3d 706.

{¶3} On November 7, 2017, Schaefer filed the verified complaint at issue in this appeal, which states that she had good reasons to believe that Appellant, and various companies under his control – A and M Transit Lines, Inc. ("A&M"), Mechanic Realty Ltd.,

Davis Motor Coach, Ltd. ("Davis Motor Coach"), and Davis Bus Tours, Ltd. ("Davis Bus") – "ha[d] concealed, embezzled, conveyed away or are now or have been in the possession of monies of [Bolog]." (Verified Compl. ¶ 2.) The verified complaint alleged that: (1) there were outstanding inter vivos loans made by Bolog to A&M in the amounts of $50,000.00 (on July 1, 2006), and $2,000.00 (on July 1, 2007), and to A&M, Davis Motor Coach, and Davis Bus in the amounts of $54,600.00 in July of 2006, $67,000.00 on July 1, 2007, $78,400.00 on May 31, 2009, and $40,000 on May 3, 2010; (2) there existed a demand note executed in favor of Bolog by Appellant on behalf of A&M dated January 2, 2005 (*Id.*); (3) the assets and liabilities of A&M were transferred to Davis Bus on April 30, 2011, and from Davis Bus to Davis Motor Coach on or about January 31, 2012. (*Id.* ¶ 3).

{¶4} The verified complaint further sought a declaratory judgment invalidating real estate transfers from Bolog and his wife to Appellant and Mechanic Realty Ltd. on April 10, 2013. The verified complaint alleged that Appellant procured the signatures of Bolog and his wife through undue influence and that they did not understand that they were transferring property. (*Id.* ¶ 4-5.)

{¶5} In his motion for judgment on the pleadings, filed on September 20, 2018, Appellant argued that the probate court did not have subject matter jurisdiction over the allegations in the verified complaint because the action was for the collection of debts, rather than the concealment, embezzlement, or improper possession or transfer of assets. With respect to the declaratory judgment action, Appellant argued that Bolog was competent when he and his wife transferred the real property on April 10, 2013. Finally, Appellant asserted that the declaratory judgment action based on the April 10, 2013 property transfers was time barred based on the four-year statute of limitations for tort claims codified in R.C. 2305.09.

{¶6} Appellee relied on evidence outside of the pleadings in her opposition brief. Attorney Clunk testified at his deposition that Bolog and his wife transferred control of A&M in 2005 to Appellant, and that the $200,000.00 demand note was executed in favor of Bolog by Appellant on behalf of A&M to reimburse Bolog for taxes he paid (personally) on behalf of A&M. At his deposition, Appellant claimed that there was no consideration for the $200,000.00 note and mortgage. He explained that he executed the note at

Bolog's request, because Bolog wanted to be a priority lienholder in the event that A&M was sued. Appellee referred to financial statements and tax records that documented loans from Bolog to Appellant in the amounts of $50,000.00 and $2,000.00, which were not included in the estate.

{¶7}   Next, Appellee asserted that her parents did not have the mental capacity to appreciate that they were transferring real property on April 10, 2013. Finally, Appellee argued that there were outstanding personal loans made from Bolog to A&M in the amounts of $54,600.00 (July 2006), $67,000.00 (July 1, 2007), $78,400.00 (May 31, 2009), and $40,000.00 (May 3, 2010). According to his deposition testimony, Appellant claimed that he (not his father) made the loans to the company. Appellee asserted in her opposition brief that Appellant did not have the financial ability to make the loans.

{¶8}   In the judgment entry overruling the motion, the probate court wrote that it "[did] not agree* * * that the only way R.C. 2109.50 can be invoked is if the Estate was actually in existence when the purported items were concealed, embezzled, or conveyed away from the decedent," because "[m]ost claims are only discovered by fiduciaries and/or next of kin after the death of the decedent which is after the Estate is created." (10/16/18 J.E., p. 1.)   Next, the probate court opined that the "[p]romissory notes and loans owed to the decedent at the time of his death" are "Estate assets that fall within [the probate court's] jurisdiction to discover those items under R.C. 2109.50." (*Id.*)   Finally, the probate court held that the real estate transfers were governed by the statute of limitations in R.C. 2305.09, which states that an action for the taking of personal property does not accrue until the wrongdoer is discovered.   (*Id.,* p. 1-2.)

{¶9}   The matter proceeded to a jury trial on October 17, 2018. At oral argument, counsel for Appellee conceded that no evidence had been offered at trial in support of the declaratory judgment action. As a consequence, the probate court instructed the jury that no evidence of undue influence had been offered by Appellee and, further, that the jury should "not consider that allegation in their deliberations." (Jury Instructions, p. 2, Dkt. #100).

{¶10} On October 18, 2018, the jury found Appellant guilty of "concealing three (3) promissory notes owed to the Estate of [Bolog] as follows: $200,000.00 plus 6% interest from the date of origin, (1/2/2005), $50,000.00 plus .59% interest from the date

of origin (7/1/2006), and $2,000.00 plus .59% interest from the date of origin (7/1/2007)." (10/18/18 Verdict Form.)  On October 24, 2018, the trial court "adjudged [ ] that Anne Piero Silagy, Administrator WWA of the Estate of Frank K. Bolog recover against Frank A. Bolog, the total sum of $464,661.24 which consists of the judgment amount of $421,364.51, plus ten percent (10%) penalty of $42,136, and the costs of the proceeding taxed at $1,165.28."  (10/24/18 J.E.)

## STANDARD OF REVIEW

{¶11}  "Civ.R. 12(C) allows any party to move for judgment on the pleadings after the pleadings are closed, but within such time as not to delay the trial.  The trial court considers both the complaint and the answer when ruling on a Civ.R. 12(C) motion." *Lagowski v. Shelly & Sands, Inc.,* 7th Dist. Belmont No. 13 BE 21, 2015-Ohio-2685, 38 N.E.3d 456, ¶ 6, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996).

> Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

*Id.*, citing *Pontious* at 570, 664 N.E.2d 931.

{¶12}  A motion for judgment on the pleadings presents only questions of law and should be granted if it appears that no material factual issues exist and the moving party is entitled to judgment as a matter of law.  *Id.*  The allegations in the complaint and all reasonable inferences that can be drawn from them should be viewed in a light most favorable to the non-moving party.  *Id.*

{¶13}  Under the notice pleading required by Civ.R. 8(A), the complaint shall contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." "Although a plaintiff is not required to prove his case in the complaint, the complaint must

allege the facts constituting the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing party." *Jones v. Mahoning Cty. Clerk of Court*, 7th Dist. Mahoning No. 18 MA 0074, 2019-Ohio-1097, ¶ 9, reconsideration denied, 7th Dist. Mahoning No. 18 MA 00742019-Ohio-2105, ¶ 9, citing *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court*, 87 Ohio St.3d 118, 120, 717 N.E.2d 701 (1999).

**{¶14}** Subject matter jurisdiction can be raised by the trial court sua sponte at any time during the proceedings. *Snyder Computer Sys. v. Sayas Auto Sales*, 7th Dist. Jefferson No. 09-JE-6, 2009-Ohio-6759, ¶ 15. We review the existence of subject matter jurisdiction de novo. *Vogler v. Donley*, 7th Dist. Belmont No. 97 BA 63, 1998 WL 896466, *2. The complainant in a proceeding to discover assets bears the burden of demonstrating that the subject matter of his complaint lies within the contemplation of R.C. 2109.50. *In re Estate of Fife*, 164 Ohio St. 449, 456, 132 N.E.2d 185, 190 (1956). A trial court may consider evidence when considering a motion to dismiss for lack of subject matter jurisdiction without converting it into a motion for summary judgment. *Vogler, supra,* at *4, citing *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 564 N.E.2d 477 (1990).

**{¶15}** We have previously held that motions for summary judgment generally cannot be reversed on appeal if the matter has gone to trial on the identical factual issues raised in the summary judgment motion. *Schaefer v. Bolog*, 7th Dist. Mahoning No. 17 MA 0085, 2018-Ohio-1337, 109 N.E.3d 706, ¶ 21, citing *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156, 642 N.E.2d 615 (1994). The *Continental* Court held that "any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental* at 156. This rule prevents the fundamental unfairness inherent in overturning a fully litigated jury verdict in favor of a judgment rendered on an abbreviated presentation of evidence. *Id.* at 157.

**{¶16}** On the other hand, the denial of summary judgment may be reversed solely on the application of law, even if the case went to trial and a verdict was rendered. *Id.* at 158*; The Promotion Co., Inc./Special Events Div. v. Sweeney*, 150 Ohio App.3d 471,

2002-Ohio-6711, 782 N.E.2d 117, ¶ 15. The interlocutory denial of summary judgment may be reviewed and reversed on appeal if the issues involved at the summary judgment stage were never actually litigated at the subsequent trial. *Continental* at 159. The motion for judgment on the pleadings in this appeal is predicated upon an issue of law, which was never actually litigated at the subsequent trial.

## ANALYSIS

{¶17} Appellant's first and second assignment of error are addressed together for the purpose of judicial economy:

### ASSIGNMENT OF ERROR NO. 1

**THE PROBATE COURT ERRED IN DECLINING TO GRANT JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANT-APPELLANT FRANK A. BOLOG. APPELLEE IS ATTEMPTING TO COLLECT A DEBT VIA R.C. § 2109.50, NOT CHALLENGING THE VALIDITY OF THE TRANSFER. AS THIS IS AN IMPERMISSIBLE USE OF R.C. § 2109.50, APPELLEE'S CLAIM MUST FAIL.**

### ASSIGNMENT OF ERROR NO. 2

**THE PROBATE COURT ERRED IN DECLINING TO GRANT JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANT-APPELLANT FRANK A. BOLOG. THE PROBATE COURT LACKS JURISDICTION OVER SUMMARY PROCEEDINGS INTENDED TO COLLECT DEBTS. APPELLEE'S ATTEMPT TO SUBSTITUTE A R.C. § 2109.50 SUMMARY PROCCEDING FOR A CIVIL ACTION TO RECOVER MONEY OWED TO AN ESTATE CONSTITUTES SUCH A SUMMARY PROCEEDING, AND THEREFORE, APPELLEE'S CLAIM MUST FAIL.**

{¶18} A probate court is a court of limited jurisdiction and "probate proceedings are restricted to those actions permitted by statute and by the Constitution." *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 74 Ohio St.3d 19, 22,

Case No. 18 MA 0127

655 N.E.2d 1303 (1995). R.C. 2109.50 allows any person "interested in the estate" to file in the probate court with jurisdiction over the estate a complaint seeking the return of any "moneys, personal property, or choses in action," believed to belong to the estate that the claimant suspects is being possessed or concealed, or has been embezzled or conveyed away by the individual named in the complaint. A complaint filed under R.C. 2109.50 is quasi-criminal in nature, but civil procedure laws govern the action in probate court. *In re Estate of Popp*, 94 Ohio App.3d 640, 647 (1994).

**{¶19}** "R.C. 2109.50 is designed to facilitate the recovery of portable objects, fungible goods and money, quickly and across county lines, when necessary." *In re Estate of Rotilio*, 7th Dist. Belmont No. 11 BE 9, 2013-Ohio-2878, ¶ 9. The assets or money need not have been "concealed" in the strict sense of the word. *Harrison v. Faseyitan*, 159 Ohio App.3d 325, 2004-Ohio-6808, ¶ 27. "[S]ince under the statute, possession of the asset can result in a guilty finding on the concealment action, Appellant can be found guilty of concealment." *Kish v. Kish*, 7th Dist. Mahoning No. 05-MA-186 2006-Ohio-4686, ¶ 20. The purpose of R.C. 2109.50 is not to furnish a substitute for a civil action to recover a judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for purposes of administration. *Goodrich v. Anderson*, 136 Ohio St. 509, 26 N.E.2d 1016 (1940)(construing predecessor statute).

**{¶20}** A proceeding for the discovery of concealed or embezzled assets of an estate is a special proceeding of a summary, inquisitorial character to facilitate the administration of estates by summarily retrieving assets that rightfully belong there. *State v. Harmon*, 5th Dist. Tuscarawas No. 2016AP080042, 72 N.E.3d 704, 2017-Ohio-320, appeal not allowed 150 Ohio St.3d 1453, 83 N.E.3d 939, 2017-Ohio-8136. In other words, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it. *Fecteau v. Cleveland Trust Co.*, 171 Ohio St. 121, 125, 167 N.E.2d 890, 893 (1960).

**{¶21}** Because money was owed to Bolog on the date of his death, the loan obligations constitute assets of his estate in Appellant's possession. Therefore, we find that the probate court did not err in concluding that the verified complaint sought the return

Case No. 18 MA 0127

of estate assets. For the same reason, we find that the probate court had subject matter jurisdiction over the verified complaint. Accordingly, Appellant's first and second assignments of error have no merit.

### ASSIGNMENT OF ERROR NO. 3

**THE PROBATE COURT ERRED IN DECLINING TO GRANT JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANT-APPELLANT FRANK A. BOLOG ONCE THE EVIDENCE MADE CLEAR THAT THE STATUTE OF LIMITATIONS HAD RUN. PURSUANT TO R.C. 2305.09, APPELLEE'S CLAIMS WERE REQUIRED TO BE ASSERTED BEFORE APRIL 10, 2017. APPELLEE'S COMPLAINT WAS FILED ON NOVEMBER 7, 2017. APPELEE'S CLAIMS ARE THEREFORE BARRED BY THE STATUTE OF LIMITATIONS.**

{¶22} The declaratory judgment action predicated upon the real estate transfers that occurred on April 10, 2013 was dismissed by the probate court prior to the submission of the case to the jury. The probate court instructed the jury that no evidence had been adduced to support of the undue influence claims, and the jury should not consider the allegations in their deliberations. Appellant's counsel conceded at oral argument that Appellant offered no evidence at trial in support of the claims asserted in the declaratory judgment action.

{¶23} "'The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case.'" *Huntington Natl. Bank v. CPW Properties, Ltd.*, 7th Dist. Carroll No. 17 CA 0917, 2018-Ohio-1219, ¶ 6, appeal not allowed sub nom. *Huntington Natl. Bank v. CPW Properties, Ltd.*, 153 Ohio St.3d 1452, 2018-Ohio-3026, 103 N.E.3d 831 (2018) , quoting *Schwab v. Lattimore*, 1st Dist. Hamilton No. C-050874, 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (internal citations omitted). We find that any opinion regarding the applicable statute of limitations would be advisory in nature, as it will have no impact on the parties to this appeal. Therefore, Appellant's third assignment of error is moot.

Case No. 18 MA 0127

## CONCLUSION

{¶24} In summary, we find that the probate court had subject matter over the allegations in the verified complaint, which state a claim for the possession of estate assets. Because Appellee conceded that she offered no evidence in support of her undue influence claim, and the probate court instructed the jury that no evidence of undue influence had been adduced, we find that Appellant's third assignment of error is moot.

Donofrio, J., concurs.

Waite, P.J., concurs.

Case No. 18 MA 0127

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Probate Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**